UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMY ROBINSON,                           Case No. 16-cv-731-pp

      Petitioner,

v.

UNITED STATES OF AMERICA.

      Respondent.

---

## ORDER REQUIRING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND TO THE PETITION (DKT. NO. 1)

---

On June 16, 2016, the petitioner, Tommy Robinson, filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. The petitioner argues that the use of his prior burglary conviction to enhance his sentence violated <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2251 (2015), applied retroactively in <u>Price v. United States</u>, 795 F.3d 731 (7th Cir. 2015). <u>Id.</u> at 1-2.

The court is required to screen the petition pursuant to Rule 4(b), which provides:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings. The court finds that the petition states a colorable claim that his burglary conviction no longer qualifies

as a predicate offense under either the Armed Career Criminal Act, 18 U.S.C. §924(e), or the career offender guideline, §4B1.1, pursuant to the Supreme Court's decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015). (The petitioner mentions both the Armed Career Criminal Act and the career offender enhancement in his petition. It appears that he was convicted on drug charges, <u>see</u> <u>United States v. Tommy L. Robinson</u>, Case No. 01-cr-25; that docket makes no mention of §924(e). The court cannot tell from the docket whether the petitioner was subject to the career offender enhancement. Presumably briefing will clarify these issues.) Therefore, the court will require the respondent to answer or otherwise respond to the petition.

The court **ORDERS** that within thirty days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing § 2254 and § 2255 Cases, and showing cause, if any, why the petition should not be granted.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claim:

(1) the petitioner has **forty-five (45) days** following after the respondent files its answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

2

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the §2255 petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Dated in Milwaukee, Wisconsin this 28th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge